WALTER MERRIMAN v. CHARLES RUSSELL ET AL.

1. Certain real estate was conveyed to A. B. for the use of C. D. and others, with the absolute control of said property, for the use of the said beneficiaries ; and in the exercise of a "sound discretion to lease and release, encumber or convey, in mortgage or fee, or dispose of in any way the said A. B., in the exercise of a sound discretion, as aforesaid, may deem best for the interest of the said beneficiaries, reinvesting the proceeds thereof for the best interest of the said beneficiaries." *Held*, that the trustee could not mortgage to secure his own individual debt.

2. The rule that a trustee shall not deal with the subject of the trust for his own benefit is absolute and universal, subject to no qualifications and to no exceptions.

3. An abuse of a trust can confer no right on the party abusing it, or on those in privity with him.

4. The record of the trust deed affected all subsequent purchasers with notice of its terms.

APPEAL from Nueces. Tried below before the Hon. T. C. Barden.

On December 18, 1858, John Dix and wife, in consideration of $200 cash paid them by Charles Russell, the appellee, and of the affection they bore for his wife, Mary E. Russell, conveyed to Russell part of town lots Nos. 10, 11 and 12, in block No. 7, beach of Corpus Christi—unimproved—in trust for the use and benefit of his said wife, jointly with Anna Moore, J. H. and John Russell, his children by former, and with Mary E. Russell, issue of the present marriage, and with children to

be born of the same. Full power was given to Charles Russell to sell, convey, mortgage or dispose of the lots, in any way that he might see fit, and to reinvest proceeds for benefit of the *cestui que trust*.

During the year 1859, Russell made improvements and built a homestead on the lots, expending thereon over $3000.

He was then a member of the firm of J. B. Mitchell & Co., and overdrew his account with them to near that amount, thereby involving the firm so that they were unable to meet their liabilities.

On the twenty-fifth of November, 1859, Russell and wife, to secure to four certain creditors payment of four promissory notes of same date, aggregating $2000 principal, and drawn by Russell, payable to their order in two years, conveyed said property, designated as their "late homestead," to Walter Merriman, the appellant, in trust, with power to sell at any time for $3500, to pay and satisfy the notes, with interest, and to account for all excess to Russell's wife.

This trust deed was executed and recorded according to law.

After this act on the part of Russell and wife, they removed from the premises and never returned to or occupied them.

Mrs. Mary E. Russell died in Goliad, Texas, April 6, A. D. 1863. Chas. Russell continued in charge of his family, residing in Brownsville, Texas, and Matamoros, Mexico, doing business with Messrs. Milmo & Co. Part of his family he sent to Europe to be educated. In the year 1869 or 1870, he died.

In December, 1865, Walter Merriman, as trustee, brought suit in the District Court, under the deed to him of November 25, 1859, to enforce the same, by foreclosure.

John Dix, grandfather of one, and as next friend or as guardian of the children of Russell, intervened and opposed the execution of the trust, relying upon the terms of his deed to Russell, of December 18, 1858.

At the June term of the court, A. D. 1871, D. K. Woodward, as executor of Charles Russell, deceased, and as husband of one of his heirs, Anna Moore Russell, made himself a party defendant.

The property had been rented and rents received since 1859 up to the present time. The intervenor, John Dix, or his wife, collected such rents since 1865, at the rate of thirty dollars coin per month.

Merriman, in his pleadings, claimed that the consideration of the notes was money belonging to the creditors, and drawn, used and appropriated by Russell in the erection of the improvements on the lots ; and that Russell had a right to secure his creditors by lien on the property. He asked a court of equity to aid him in the enforcement of his trust.

A jury was waived and the cause submitted to the court. Judgment for intervenors ; that plaintiff take nothing as to them; that the mortgage or trust deed sued on be set aside, annulled, and declared not to be a lien on the lots, and that title to them be vested in the intervenors.

Motion for new trial was overruled by the court, when plaintiff appealed.

*Lovenskiold & McCampbell*, for appellant.—The judgment is contrary to the law governing the case. The court must have given an erroneous construction to the deed of conveyance from John Dix and wife, of December 18, 1858 ; that the deed of trust or mortgage, to enforce which this suit was brought, made the condition to reinvest the proceeds precedent to the power to sell or mortgage, and .

that the purchaser or mortgagee was thereby bound to see that such condition was duly complied with by Russell.

We apprehend that such ruling is contrary to the well settled doctrines of trusts with power to sell and reinvest.

In 1 Leading Cases in Equity, Hare & Wallace, Note, p. 130, in Elliot v. Merriman, p. 45, the court uses the following language, to-wit: "All the cases seem to agree, that when the disposition of the proceeds depend in any material particular upon the discretion of the trustee, or when an interval must or may properly elapse between the sale and the application of the purchase money, the purchaser will be freed from liability by a payment to the trustee, and will not be responsible for a subsequent misappropriation by the trustee."

And similar principles are enunciated and maintained in Sims v. Lively, 14 B. Monroe, 433, 449; Coonrod v. Coonrod, 6 Hammond, 114; Hauser v. Shore, 5 Iredell Eq., 357; Law of Trusts and Trustees, by Tiffany & Bullard, 764, 765, 766, 767, 768, and 783; 2 Story, Equity Jurisp., Arts. 1134, 1135.

In the case at bar, the duty imposed upon the trustee "to reinvest" was a condition subsequent to his power to sell and mortgage. According to the foregoing authorities, the mortgagees cannot be affected by any failure or neglect of duty on the part of Russell, after he exercised his authority to sell or mortgage.

*Walter Merriman* and *Terrell & Walker*, also for appellant.

*Davis & Murphy*, for appellees.

McAdoo, J.—There are nine grounds of error assigned by the appellant in this case. We think the case may be disposed of by a consideration of the first two, which are:

1. That the judgment is contrary to the law of the case and the facts and evidence adduced on the trial.

2. That the court erred in holding the deed from John Dix and wife to Russell such a trust deed as to affect purchasers or mortgagees under said Russell, and the holding that purchasers were affected by the condition in the deed requiring Russell to reinvest the proceeds for the benefit of the beneficiaries.

On the eighteenth day of December, 1858, John Dix and wife conveyed three lots in the city of Corpus Christi, by deed, in consideration of $200, and their natural love and affection for their daughter, Mary E. Russell, wife of the said Charles Russell, for the following purposes and trusts: "For the use and benefit, jointly, of the said Mary E. Russell, Anna Moore Russell, Joseph Howard Russell, John Parsons Russell (children of the said Charles Russell by a former marriage), Mary Frances Russell, daughter of the said Charles and Mary E. Russell, and such other children as may be hereafter born to the said Charles and Mary E. Russell, for the benefit of the above mentioned wife and children of the said Charles Russell, the absolute control of said property above conveyed, for the use of the said beneficiaries; and in the exercise of a sound discretion, to lease and release, encumber or convey, in mortgage or fee, or dispose of in any way that the said Russell, in the exercise of a sound discretion as aforesaid, may deem best for the interests of the said beneficiaries, reinvesting the proceeds thereof for the best interests of the said beneficiaries."

This deed of trust was duly acknowledged on the day of its date, and was filed for record on the twelfth of February, 1859.

On the twenty-fifth of November, 1859, Charles Russell and wife, in consideration of one dollar, executed a deed of trust to Walter Merriman, as trustee, to the same

three lots, for the purpose of securing the payment of four promissory notes, payable respectively to Matthew F. Ward, W. H. Letchford & Co., R. B. Aucain and Charles Lovenskiold, amounting in the aggregate to $2000, and all bearing date the twenty-fifth day of November, 1859.

The condition of this deed was, "if the said notes shall be promptly paid, according to their tenor and intent,. then this deed shall be null and void, but otherwise to be of full force and effect; conditioned, however, that if the herein conveyed property, at any time, can be sold for the sum and price of three thousand five hundred dollars, cash, then and in such case the said Walter Merriman, trustee, shall have the right, and it is made his duty, at. the request of any party interested, to sell such property to any such bidder, and with the proceeds of such sale to at once take up and pay all the hereinbefore described notes, in principal and interest, and after deduction of any lawful and necessary charges to pay over the surplus, if any, to Mrs. Mary E. Russell or her order; and conditioned also that it is made the duty of said trustee, at the cost of the said property, to cause the improvements to be insured in some good and solvent insurance company, to the amount of at least two thousand dollars, and to continue the policy of such insurance for the benefit of this trust until the same is fully satisfied and liquidated, it being distinctly understood that the trustee herein named shall have and possess no further powers than those in him herein expressly vested, and none other whatsoever."

This deed was acknowledged in due form of law, and was filed for record on the fourth day of January, 1860.

The testimony shows that two of the notes mentioned in the deed of trust to Merriman—that payable to Ward and that payable to Lovenskiold—grew out of some indi-

vidual transactions of the parties to the notes, not known to the witness, and that the other two were executed by Russell for debts due the payees of the notes by Merriman & Co., of which firm Russell was a member. And the reason why Russell's individual notes were given, instead of those of the firm, is stated by Mitchell to have been on account of indebtedness of Russell to the firm, by drawing money out of the concern. It is in proof, that about the time the money above mentioned was drawn from the concern, Russell erected a dwelling house on the lots in controversy. There is no proof that one dollar of that money went into the improvements on the lots, and the only certain testimony as to the actual payments of money for the material furnished and the labor done, is that they were made by John Dix and Mitchell, and for the amount paid by Mitchell he still holds the note of Russell.

Under this state of the proof, it cannot be assumed that the debts sought to be secured by the deed of trust to Merriman inured to the benefit of the beneficiaries of the trust created by the deed of Dix and wife to Chas. Russell.

The deed from Dix and wife to Russell created an express trust, and the same being recorded before the execution of the deed from Russell to Merriman, was notice to the trustee, and the beneficiaries under that deed, of that express trust and its uses, as well as of the powers of the trustee, Chas. Russell.

The powers conferred upon Russell were liberal, only limiting him to "the exercise of a sound discretion." But that "sound discretion" is limited to the benefit of the wife and children of the trustee. Neither the trust property nor its revenues could, under a "sound discretion," be imperiled by mortgage, or appropriated to the uses of any other persons than the beneficiaries. The

property was not responsible, nor could it be made so for the private debts or the private uses of Chas. Russell. It would be a mockery, certainly, to compass the purposes of the deed of trust to Merriman under the term "sound discretion," as used in the other deed.

The rule that a trustee shall not deal with the subject of the trust for his own benefit, is said to be absolute and universal. It is subject to no qualifications and to no exceptions.

An abuse of a trust can confer no rights on the party abusing it, or those who claim in privity with him. It is a principle recognized at law in all cases, susceptible of being brought out as a ground of action or of defense in a suit at law, while its application in courts of equity is universally adopted. (Couger v. Ring, 11 Barbour's S. C. R., 363; *Ex parte* Lacey, 6 Vesey, 625; 4 Kent's Com., 438; Davoue v. Fanning, 2 Johnson's Ch., 252; Taylor v. Plumer, 3 M. & Selw. 574, 576.)

While the trustee, Russell, in this case was entrusted with a large discretion in the management of the trust estate, it was only such a discretion as was consistent with the uses created by the trust, not a discretion to divert the trust property from its true trust purposes. Such discretion would not be a "sound" one, but a fraudulent one, and a court of equity would not hesitate to set aside and annul an absolute deed of conveyance executed under such circumstances and for such purposes as disclosed in the deed from Russell to Merriman.

With this announcement of the rules of law and equity governing this case, we find no error in the judgment of the District Court requiring revision, and it is affirmed.

AFFIRMED.