Carl B. REED et al., Appellants,

v.

R. O. STRINGER, Appellee.

No. 7267.

Court of Civil Appeals of Texas, Beaumont.

Sept. 30, 1971.

Motion for Rehearing Overruled Oct. 21, 1971.

Orgain, Bell & Tucker, Beaumont, for appellants.

Joe H. Tonahill, Monte Lawlis, Jasper, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting defendant's motion for summary judgment. The parties will be referred to here as they were in the trial court.

E. E. Stringer and wife, Dawn Stringer, set up three trusts with which we are concerned: (1) A trust for the benefit of five of their children and two grandchildren which we will call the "Large Trust". (2) A trust for the benefit of the two grandchildren which we will call the "Small Trust". (3) A trust for the benefit of the employees of the Ideal Life Insurance Company, which we will call the "O. C. Stringer Trust". Defendant R. O. Stringer, one of the five children, was named sole trustee of each of the three trusts.

The principal assets of all three trusts consisted of shares of common stock of Ideal Life Insurance Company, a family-owned insurance company organized by E. E. Stringer. It is generally agreed that it would benefit everyone concerned for this insurance company to be sold, and defendant handled the negotiations. Defendant obtained options to buy almost all of the outstanding stock from individuals and from himself as trustee of the three trusts at $8.00 per share. The agreement was then made with National Bankers Life Insurance Company to transfer the Ideal Life Insurance Company stock to National Bankers Life Insurance Company in exchange for 41,000 shares of its stock plus $500,000.00 of its debentures. This was the plan of merger between the two companies which was approved by the Commission of Insurance. This transaction was carried through and the shares of stock were exchanged. One thousand shares of stock went to a broker, about which there is no complaint. The remaining 40,000 shares of stock and the debentures went to defendant. A loan was then arranged by defendant in the amount of $2,000,000.00 from the Mercantile National Bank in Dallas with the 40,000 shares of National Bankers Life Insurance Company pledged as collateral. The note was executed by defendant with an agreement with a third party to give that bank a "take-out commitment" as he endorsed the note. The debentures were assigned to the personal holding company of the third party as a consideration for his endorsement. The $2,000,000.00 was then distributed among the persons and trusts from which defendant obtained the options on the basis of $8.00 per share as agreed, except 6000 shares which were a part of the O. C. Stringer Trust. Defendant retained $36,000.00, or $6.00 per share of the money received for this stock and disbursed only $2.00 per share to the beneficiaries under that trust.

Plaintiffs are Carl B. Reed and Roger W. Reed, the two grandchildren and the beneficiaries under the Small Trust, and Elma M. Griner, one of the five children, joined by her husband, M. E. Griner. The petitions alleged generally that defendant profited personally in his position as trustee of the three trusts and prayed for an accounting and damages.

Plaintiffs contend in this court that defendant should be made to account to them for their proportionate share of the following:

(1) A $318,195.60 employment contract defendant entered into with National Bankers Life Insurance Company.

(2) The $36,000.00 profit defendant received from the O. C. Stringer Trust.

(3) An interest in the $500,000.00 debentures given by National Bankers Life Insurance Company in exchange for the Ideal Life Insurance Company stock.

(4) The difference between the market value of fifty-five shares of stock of the Kirbyville State Bank, and the amount defendant paid for it.

(5) The difference in the market value of the home office building of the Ideal Life Insurance Company and the amount defendant paid for it.

This court thoroughly researched and wrote on the question as to whether a trustee may profit from his handling of the trust estate in Steves v. United Services Automobile Association, 459 S.W.2d 930 (Tex.Civ.App., Beaumont, 1970, error ref., n. r. e.). In the majority opinion, Justice Keith does an exemplary job of collating the authorities on this subject. Reference is here made to that opinion so that it will not be necessary here to reproduce such authorities except the following:

"The rule of law prohibiting a trustee from profiting from his own self-dealing with the corpus of the trust estate is set out in the case of Merriman v. Russell, 39 Tex. 278, 285 (1873), from which we quote:

'The rule that a trustee shall not deal with the subject of the trust for his own benefit, is said to be absolute and universal. It is subject to no qualifications and to no exceptions.'"

\* \* \* \* \* \*

"Article 7425b–12, Vernon's Ann.Civ.St., as amended, now provides in part:

'A trustee shall not buy or sell, either directly or indirectly, any property owned by or belonging to the trust estate, from or to itself or an affiliate; \* \* \* or from or to himself, a relative, employer, partner or other business associates; \* \* \*.'"

In the *Steves Case,* the dissent agreed with the general propositions of law above stated and disagreed only with its application.

The trial court granted defendant's motion for summary judgment after considering the affidavits attached to such motion, the answers to such motion, and all of the depositions on file, all of which are before us on this appeal. One of plaintiff's points of error is that the trial court erred in granting such motion for summary judgment because a genuine issue of fact was raised by the pleadings and proof as to whether defendant transferred the stock in the O. C. Stringer Trust to himself individually and, after selling such stock, did not account to and pay these plaintiffs all of the proceeds they were entitled to. This point of error is sustained.

Again we refer to the *Steves Case,* supra, and that part of the dissenting opinion on page 938 stating the rules under which this court is obligated to consider this appeal.

The record in this case shows the stock in the O. C. Stringer Trust was sold to defendant for $2.00 per share, and re-sold by him in the merger plan for $8.00 per share. Defendant contends first that the majority of the directors of Ideal Life Insurance Company voted to authorize this sale to him. Even had this been established as a matter of law, under the authorities cited above, it would be no defense to this action. Secondly, defendant contends the $6.00 per share difference was to be his compensation for his labor in connection with this sale. Again, even should this be established as a matter of law, it likewise would be no defense.

We do not find it necessary to pass upon the other points of error raised by plaintiffs. Inasmuch as a remand of this case is required because of the error stated above, a trial upon the merits as to all issues raised in the trial court will result.

Reversed and remanded.